UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLUME SERVICES, INC., d/b/a CENTERPLATE,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITE HERE, LOCAL 2,<br><br>    Defendant. | Case No.: 13-cv-02318-YGR<br><br>**ORDER REGARDING DISCOVERY DISPUTES CONCERNING PROTECTIVE ORDER AND PLAINTIFF'S REQUEST FOR PRODUCTION NO. 19** |

The parties have filed two letter briefs regarding discovery disputes in this matter.[1] The primary issue raised in the letters is whether certain "concession agreements" shall be produced in this action subject to an attorneys' eyes only provision of a protective order. Having reviewed the discovery letters and heard argument from the parties on October 23, 2013, the Court declines to enter a protective order in this action containing an attorneys' eyes only provision governing the production of concession agreements. Concurrently with this filing of this Order, the Court hereby enters a protective order in this action providing heightened protection for the concession agreements, as set forth therein.

At the conference on October 23, 2013, the parties informed the Court of an additional discovery dispute relating to Plaintiff's Request for Protection No. 19 ("RFP 19"), which asked Defendant to produce all documents reflecting "payments to any person picketing, striking or hand-billing at AT&T Park in 2013." RFP 19 does not seek identifying information of union members. Defendant has offered to produce an exemplar of the strike benefit check provided to workers who picketed during the one-day strike on May 25, 2013. Defendant seeks a protective order with regard

---

[1] The parties failed to file a joint letter brief pursuant to this Court's Standing Order in Civil Cases and its instruction at the October 21, 2013 Case Management Conference. The parties are hereby **ORDERED** to comply with *each requirement* contained in Section 8 of this Court's Standing Order in Civil Cases moving forward in this action.

to providing any additional information responsive to RFP 19.  Having considered the parties arguments, the Court finds that the additional information sought by Plaintiff is not reasonably calculated to lead to the discovery of admissible evidence.  The Court hereby **ORDERS** that:

(1) Defendant produce the exemplar of the strike benefit check; and (2) defense counsel Beth Ross provide a verified response concerning the representations made in Court on this issue, including that payments were made to striking workers in the amount of $50.  The Court hereby **GRANTS** Defendant's request for a protective order regarding RFP 19 as to any additional information other than that specified above, without prejudice to re-visit the issue if alternative forms of discovery do not suffice.

This Order terminates Dkt. No. 25.

**IT IS SO ORDERED.**

Dated: October 28, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**